**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50383

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RUBY JEAN TYRONE,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(W-96-CR-44-ALL)

May 10, 1999

Before JONES, DUHÉ and BARKSDALE, Circuit Judges.

JOHN M. DUHÉ, JR., Circuit Judge:[1]

A jury convicted Ruby Jean Tyrone ("Defendant") of carjacking pursuant to 18 U.S.C.A. § 2119 (West Supp. 1999), receiving and concealing a stolen firearm pursuant to 18 U.S.C.A. § 922(j) (West Supp. 1999), and using a firearm in connection with a crime of violence pursuant to 18 U.S.C.A. § 924(a)(2) & (c) (West Supp. 1999). On appeal, she raises five issues: (1) § 2119 requires proof of an unconditional intent to cause death or serious bodily harm, and no jury could reasonably infer unconditional intent from the facts of the case. (2) The district court failed to instruct the jury concerning § 2119's unconditional intent requirement. (3)

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Even, if § 2119 requires only conditional intent, there was insufficient evidence to support a jury's finding of that intent. (4) Because we should reverse the predicate carjacking conviction, we should also reverse her conviction for using a firearm in the commission of a crime of violence. (5) Her conviction for receiving or concealing a stolen firearm should be reversed because §§ 922 & 924 are unconstitutionally beyond Congress' Commerce Clause power. We disagree and affirm.

## BACKGROUND

This case stems from the repossession of a car. Chris Blakely, ("Blakely") an employee of General Motors Acceptance Corporation ("GMAC"), repossessed Babylin Crockett's ("Crockett") car at Crockett's request, because Crockett realized she was unable to make the payments. At the time, Crockett lived with Tyrone, because she was dating Tyrone's son. After the car's repossession, Tyrone repeatedly telephoned GMAC complaining that she was receiving notices indicating that she owed money to GMAC. When GMAC informed Tyrone that any correspondence sent to her was an error, she requested that GMAC send someone to her home to examine the notices, insisting that she speak with a field representative face-to-face. In response to Tyrone's request, Blakely made an appointment to visit Tyrone at her home.

Blakely drove to Tyrone's home where she was met by Tyrone who identified herself as "Robbie". "Robbie" told Blakely that Tyrone was at work, and that they needed to go to an attorney's office to view the documents sent by GMAC.

2

Tyrone rode in Blakely's car giving directions to the attorney's office. Unable to find the office, Blakely stopped in a park and telephoned her office on a cell phone to find the address. Tyrone produced a handgun from her purse. Blakely testified that Tyrone was about to aim the gun at her when she grabbed Tyrone's hand and the gun fearing for her life. Tyrone told Blakely, "I'm going to do to you what I did to Ruby."[2] During the struggle over the gun, Tyrone pulled the keys out of the car's ignition and hit Blakely in the head with the barrel of the gun.

Blakely managed to escape from the car and run towards a man working nearby. Tyrone drove away in Blakely's car. The workman contacted the police, who discovered Blakely's car abandoned.

The police arrested Tyrone shortly after the incident, and Blakely identified her as the assailant. The police found a gun in Tyrone's purse which was later discovered to have been stolen from the residence of Brian Pardo where Tyrone worked during the prior week. Pardo purchased the gun in Alabama, and it was manufactured in Massachusetts. A jury convicted Tyrone of the three counts discussed above, and she appeals.

## DISCUSSION

I. Carjacking

### A. Intent

Tyrone contends that conditional intent, i.e. the intent to

---

[2]The meaning of Tyrone's statement is unclear. One option is that she meant "I'm going to do to you what [you] did to Ruby." In other words, Tyrone was going to take Blakely's car just as Blakely had taken a car from Ruby Tyrone's house.

3

cause death or serious bodily harm only if the victim refuses to relinquish his car, is insufficient to satisfy § 2119, relying on United States v. Randolph, 93 F.3d 656, 665 (9th Cir. 1996) (holding "[t]he mere conditional intent to harm a victim if she resists is simply not enough to satisfy § 2119's new specific intent requirement.") Circuits were split concerning this issue. See United States v. Williams, 136 F.3d 547, 551 (8th Cir. 1997); United States v. Romero, 122 F.3d 1334, 1339 (10th Cir. 1997); United States v. Arnold, 126 F.3d 82, 89 (2nd Cir. 1997); United States v. Anderson, 108 F.3d 478, 485 (3rd Cir. 1996). However, the Supreme Court recently resolved this split, holding that the intent requirement of § 2119 is satisfied "when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." Holloway v. United States, 119 S. Ct. 966, 972 (1999). As a result, Tyrone's arguments that the government failed to prove intent and that the district court erred in not instructing the jury on unconditional intent fail.

## B. Sufficiency of the Evidence

Tyrone argues that, even if § 2119 only requires conditional intent, the government's evidence is insufficient to support her conviction. She points to the following facts in her favor: 1) Tyrone did not attempt to harm Blakely when Blakely looked in her trunk for a phone book; 2) Tyrone did not point the gun at Blakely when Tyrone pulled the gun out of her purse; 3) Tyrone did not

4

point the gun at Blakely when Blakely ran from the car; and 4) Tyrone did not say anything indicating that she would shoot Blakely if she did not get out of the car.

The government contends that a defendant's ability to obtain a car without resorting to the infliction of death or serious bodily harm does not negate the intent to cause such harm in order to obtain the car. Anderson, 108 F.3d at 484. The government points to the following facts suggesting that Tyrone possessed the intent to cause death or serious bodily harm if Blakely did not relinquish the car: 1) Tyrone created an elaborate plan to lure Blakely to her home, contacting GMAC and complaining of non-existent notices; 2) Tyrone lured Blakely to an isolated place so she could steal Blakely's car; 3) Tyrone pulled a loaded and fully operable firearm from her purse and, in an ensuing struggle, struck Blakely on the head with it; and 4) Tyrone told Blakely, "I'm going to do to you what I did to Ruby."

On appeal, we will uphold a jury's verdict if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Payne, 99 F.3d 1273, 1278 (5th Cir. 1996). The jury is free to choose from among all reasonable constructions of the evidence. See United States v. Chaney, 964 F.2d 437, 448 (5th Cir. 1992). We must determine whether the evidence, when considered in the light most favorable to the government, proved Tyrone's guilt beyond a reasonable doubt. See United States v. Westbrook, 119 F.3d 1176, 1189 (5th Cir. 1997), cert. denied, 118 S. Ct. 1059-60 (1998).

5

Tyrone carried out a plan to lure a GMAC representative to her house. Because GMAC previously repossessed a car that was parked at Tyrone's house and belonged to the girlfriend of Tyrone's son, the jury could have inferred that Tyrone's plan was to take some measure of revenge against GMAC, or specifically against Blakely. The jury also could have inferred that Tyrone pulled the gun from her purse as a means of intimidating Blakely into relinquishing the car and that if Blakely did not relinquish the car, Tyrone would use deadly force to accomplish her plan. Tyrone's words and actions, including battering and threatening Blakely with the gun, evidence her intent to cause serious bodily harm or death if Blakely did not acquiesce in Tyrone's plan. For the above reasons, we find the evidence sufficient to support Tyrone's carjacking conviction pursuant to § 2119, and therefore also affirm her conviction for use of a firearm during a crime of violence pursuant § 924.

## II. Receiving or concealing a stolen firearm

Tyrone argues we should reverse her firearms conviction because the statute is beyond Congress' power under the Commerce Clause. Section 18 U.S.C.A. § 922(j) requires that the defendant receive or conceal a stolen firearm that has been shipped or transported in interstate commerce. 18 U.S.C.A. § 922(j) (West Supp. 1999). Tyrone contends that the prohibited conduct has nothing to do with interstate commerce; therefore, it is an impermissible exercise of Congress' Commerce Clause power. She relies on United States v. Lopez, 514 U.S. 549, 567-68 (1995),

where the Court held that the federal government could not, consistent with its power under the Commerce Clause, criminalize the mere interstate possession of a firearm in or near a school, because the statute did not regulate the channels or instrumentalities of commerce, nor did the prohibited conduct have "[anything] to do with 'commerce' or any sort of economic enterprise." Id. at 561.

We recently held that § 922(j) is a constitutional exercise of Congress' Commerce Clause power. United States v. Luna, 165 F.3d 316, 320-21 (5th Cir. 1999). This forecloses Appellant's position. The firearm Tyrone used during the carjacking was manufactured in Massachusetts, purchased in Alabama, and taken to Texas by its owner. Evidence that a gun was manufactured in one state and possessed in another state is sufficient to establish a connection between the firearm and interstate commerce. See United States v. Pierson, 139 F.3d 501, 503-04 (5th Cir. 1998). For the above reasons, we affirm Tyrone's conviction pursuant to § 922(j).

### CONCLUSION

Because we hold the conditional intent to cause death or serious bodily harm if the victim does not relinquish his car satisfies § 2119, the district court did not err in not instructing on unconditional intent, the evidence is sufficient to support the jury's carjacking conviction, and § 922(j) is a permissible exercise of Congress' Commerce Clause power, we affirm Tyrone's convictions.

**AFFIRMED**